Shinseki Shrine Shinseki Shrine Shinseki Shrine Shinseki Shrine Mr. Carpenter, Kenneth Carpenter appearing on behalf of Mrs. Bowers. This case involves a question of regulatory interpretation, specifically the provisions of 38 CFR 3.318. This is a regulatory presumption regulation that allows persons who suffer from ALS to have presumptive service connection if their condition manifests any time after discharge. At issue in this case is whether or not the lower court erred in its interpretation that imposed a veteran status requirement upon the application of this presumption. In the regulation, which has two parts, the A part of the regulation sets out those persons that are covered by the regulation and indicates that it is when the condition is manifest at any time after discharge from active military, naval, or air service is sufficient to establish service connection for this disease. In subpart B of that regulation, it describes those circumstances which exclude individuals from being covered by this regulatory presumption. It is B3 that indicates that if the veteran did not have active continuous service of 90 days or more, then they would not be eligible for this presumption. In this case, the lower court expressly found that Mr. Bowers had served on active service for more than 90 consecutive days. But it doesn't say active service, right? Part A says active military, naval, or air service. That's correct, Your Honor. So how is it that his National Guard service qualifies? His National Guard service did not qualify when he was called to active duty and served a period of active duty for six months, 18 days, as shown by his DD-214 discharge, which is in the record at the Joint Appendix at page 23. That is his period of active service. It expressly indicates that it was his total period of active service. To read this regulation the way in which the VA proposes to read it now is strictly exclusionary. This regulation is intended to encompass persons who had active duty service for a period of more than 90 days. That is evidenced in this case by Mr. Bowers' discharge certificate. Are you asking us to read that phrase, active military, naval, or air service, to include reserve duty, reserve training? I don't believe that's necessary in this case. But isn't that phrase actually specifically defined in the statute? Yes, it is. It doesn't encompass your client when it's defined in 101-24, right? For diseases or injuries that were sustained while on active duty for training. But that is not what this regulation covers. This regulation expressly covers a condition that is developed or manifested at any time after discharge. So the regulation does not pertain to circumstances which occurred but are, if you will, implied back to the period of active duty service for the purposes of entitlement to compensation. What statutory authority do you think the Secretary would have to give veterans' benefits to somebody who's not a veteran, as defined by the statute? I'm not sure that in this case the interpretation of this regulation requires a determination of that question. If the Secretary doesn't have statutory authority to give training people, National Guard people, benefits, then clearly this regulation can't be extended to them, can it? We have to read it in that context. But those aren't the facts of this case, Your Honor, and that's not the circumstances that the court below... Under the statutory definition context, that's the government's argument as to why this regulation should not be applied. However, this regulation was not framed in those terms. To the contrary... But that's what I'm asking you, is that it seems that the logic of your argument is that we can ignore all this veteran stuff because under the plain language of this regulation, he comes in anyway. But I don't see how the Secretary would ever have the statutory authority to give National Guard members that never qualify as a veteran, veterans' benefits. What Congress intended to do by limiting the scope of the compensation that would be affordable to persons who served in the reserves for periods of active duty for training is expressly defined in terms of whether or not a disease or an injury is incurred during that specific period. This regulation does not pertain to that. This regulation pertains to a condition which manifests after discharge. Sure, but there is a presumption of service connection, a presumption that the disease actually was caused by service. Under that same definitional standard, if Mr. Bowers had become symptomatic of ALS while he was on his period of active duty for service, he would qualify under that definition because diseases are not excluded. Therefore, you have to read this regulation in the full context and you have to assume, this Court must assume, that the Secretary acted within his authority to adopt the position that the government takes. The government is saying that the Secretary could do this, but it couldn't do it the way in which he would. Is your argument, let me, I think this is where I understand your question. Is your argument that the presumption is enough to make him qualify as a veteran under 24B of 101? As written, correct. Unless there's further questions, I'll reserve the time for rebuttal. Mr. Grimaldi. Thank you, Your Honors. May it please the Court, Your Honors, to the extent that Mrs. Bowers is arguing that her husband does fall under 102 or 24's definition of what a veteran is. Excuse me one moment. Thank you. The record simply does not support this. The statutory authority does not support this. Frankly, Mrs. Bowers has not raised this issue until her reply brief. It wasn't before the Veterans Court, and it wasn't in her opening brief before this Court. Well, but reading this presumption document along with 101-24B, why wouldn't a claimant who has active duty for training, who is diagnosed with ALS that's incurred in the line of service, be eligible for the presumption? Why isn't it stated just the way Mr. Carpenter said it right there at the end, why doesn't this regulation apply to him even if he is not a veteran? Well, it does not apply to him because Congress has specifically mandated through passing 38 U.S.C. 101 that only veterans can receive veterans' disability claims. That's also seen in 1110 and 11131, which is the authorizing statutes for disability pay, which use the term veteran. That's been defined in 101-2 to include the term that we're dealing with today, active military, naval, or air service, which is then defined in 101-24 to- You follow your statutory argument, and I think if I hear Mr. Carpenter right, but then the Veterans Administration extended this program beyond the reach of the statute to include those who were on active duty, but as reserve officers. Well, as Judge Hughes pointed out, there is no authority, actually, for the Department of Veterans Affairs to extend out disability benefits to individuals beyond which Congress has mandated. That can be seen in the Decker case or the Disabled Veterans of Americans case, which says that an agency cannot go past this authorizing statute with regulations. So simply to adopt Mrs. Bauer's arguments would be to say that the Department of Veterans Affairs is extending benefits to individuals which Congress said cannot receive benefits. Well, but I guess maybe Mr. Carpenter's argument is under 101-24B that National Guard service, when a person was called up into active duty for training, moves them into the category of those who have active military, naval, or air service. Well, active military, naval, or air service does include 24-B, Your Honor, but you must keep reading on 24-B, and it says, any period of active duty for training during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in the line of duty. But why doesn't this presumption relate back and suggest that he was disabled by ALS during his period of active duty training? So basically at that point, Your Honor, we would be skipping the first element for disability compensation, which is veteran status, which this Court has recognized in Reid and D'Amico and other cases, the five elements. No, that's circular. Veteran status includes anyone who was in active military or naval or air service, which then itself includes somebody just like Mr. Bowers, at least during the period of time when he was called up for active duty during training, right? No, only an individual who was injured while he was called up for active duty in training. Well, I guess the question is, why doesn't the fact that he developed ALS afterwards qualify, given the presumption? As the Board pointed out and the Veterans Court affirmed, there's no evidence that Mr. Bowers was actually injured or had ALS while he was in service. But I know Judge Moore just asked this question, but I need to ask it again. But didn't we assume that it happened there by virtue of the presumption? The presumption has said, it doesn't matter when the onset is, we're going to assume it happened during your active service because of all these studies that have shown with epidemiological evidence that there's a link. Yes, but the presumption for ALS comes in, Your Honor, for veterans. If we take a look at Section 3.318, if you want to look at the plain language of this and interpret it, we can see that there is a requirement, A, for release from active military, naval, or air service. There's references to veterans twice. So the presumption only applies to veterans. One must first be a veteran to benefit from this presumption. And this is consistent with 101, 2, and 24. So here's a crazy hypothetical. Suppose that Mr. Bowers was, in fact, disabled, lost part of a toe, a foot, or whatever during his active duty training. You would then agree that he meets the definition of veteran, correct? For that injury, yes. No, not for that. Oh, where does 101 say only for that injury? Well, you know, this Court hasn't decided. No, it doesn't, does it? It doesn't say that. Nothing in 101 says for that injury. Correct. So that if he's a veteran, then suddenly he'd be entitled to the presumption for the ALS. Well, this Court hasn't decided whether one injury will make you a veteran for another injury. I've looked at the Veterans Court cases. There is some disagreement. If you look at the Smith v. Shinseki case, it'll show that the presumption should never attach whatsoever to a veteran who's been on active duty for training. If you look at the Biggins case, which is in all the briefing as well, the totality of all the opinions and the concurrences, it appears that those judges would believe that one injury would qualify you for veterans' pay. For all injuries that come up. Mr. Bower's case, he has no other injury that has been claimed, so he does not achieve veteran status through any other injury. Let me ask it a little more directly. Can we assume he is a veteran because he got ALS? No, we cannot, Your Honor. Well, the presumption says active service is the closest thing we've got to a causal link to ALS. He gets ALS. He was on active duty training. Can we jump the hoop there and say, ah, you're a veteran? No, we cannot, Your Honor. It would be skipping the first step to check to see whether he's a veteran, whether the presumption should even apply to him. It would be circular at that point. Why? Forget about what the statutes and regs say. You may be right. You may be wrong. Just forget for a sec. Why does it make sense to distinguish, for purposes of a presumption for ALS, between someone who's in the National Guard and called up and served side-by-side with someone who's in active duty? The active duty guy, by virtue of his exposure, gets ALS. So the presumption applies and he gets benefits. The guy standing right next to him happens to have been a National Guard guy who was called up in active service during the same time, contracts the same disease, but isn't covered. I would disagree with that hypothetical, Your Honor. If I signed up for the Army and I went through basic training, went through advanced training, and at the end of my advanced training left the service and never actually had any active duty beyond training, later developed ALS, I would be in the same situation as Mr. Bowers. I will only have served active duty for training, and therefore the presumption would not apply to me. So the line here that is being drawn is not between necessarily a National Guardsman and someone who's in the Marines, Air Force, or the Army, but rather someone who served on active duty and someone who served on active duty for training only. So a person who's enlisted and signs up for the regular military, if they only go to boot camp and serve for training and then somehow leave or get washed out or something, they don't qualify for veteran status? They would only have served for active duty for training. Well, no, no, no. Clearly if they were injured, they come under 24B. But if they weren't injured, they don't qualify under 1110? No, I don't believe they would, Your Honor. Do you have a cite for that? Not aware of any cases where that's come up, Your Honor. Anything in the statute? Is it because 24A says active duty and active duty doesn't include active duty for training? That's correct. If you take a look at the 101 even further, and this is not a section of 101 that has come up in the, yeah, 21A. Active duty means full-time duty in the Armed Forces other than active duty for training. So full-time duty in the Armed Forces would be Marines, Air Force, what have you, other than training time. So there is a line being drawn here, Your Honor, but it's for only training purposes. That was helpful. You explained it. Thank you. If the Court has no further questions, we respectfully request that the Court affirm the decision of Veterans Court. Thank you, Mr. Grimaldi. Thank you. Mr. Carpenter. Your Honor, this Court, this case, excuse me, turns on the question of what the function is of this presumption. And I believe, Judge Rader, that you said it correctly, that it is this presumption that makes him a veteran because he qualifies under the language of this presumption and this regulation because he manifested at a time after he had been discharged and he developed ALS. And he unfortunately died from it. That's a sad story. Can we allow the regulation in this instance to kind of, I think Mr. Grimaldi is saying, trump the statute? No, Your Honor. I think you have to read them together and understand whether it was the intent of Congress to create exclusions that would cover the type of regulation that was written by the Secretary. The Secretary wrote this regulation and could have imposed limitations. He imposed three. And those limitations do not cover the circumstances in this case or, quite frankly, the circumstances of any person who serves in the Guard. But isn't the presumption here, it's just a presumption to show a service connection between his current disease and some injury or disease incurred in service. They're different things. I know sometimes it gets all mixed up. But there's two different things going on here. And in 24B, aren't they talking about an actual injury or disease incurred in service that would qualify you as veteran status for active duty training? And what this presumption does is that we can't figure out what specific event during active duty caused ALS. So we're just going to presume that the current disease relates back to something. But that's not enough to get you status under 24B, is it? I believe it is, Your Honor. Because what this presumption does is that it relates back to active service during his period in which he was on active duty for training. He had a period of service for more than 90 days. Now this obviously would not necessarily extend to a person in the Guard who only served weekends. Because obviously he can't get 90 days of continuous service if he never has more than 90 days of continuous service. But the logic of what I'm trying to press you on is you think the presumption covers both the in-service incurrence and the service connection of the presumption. Yes, it does, Your Honor. Do you have any support for that? Because I think we've been fairly careful in distinguishing between those two. Yes, because it mirrors the statute, and I believe it's 38 U.S.C. 1112, which does essentially the same thing with a series of what are called chronic diseases. And in those chronic diseases, these are conditions just like this regulation contemplates that never were incurred during the period of active duty service, but were in fact manifest after discharge. This regulation does exactly the same thing, and it creates an entitlement to service-connected compensation that covers all of the elements of that entitlement. Because what Congress did in 1112 was to cover a series of chronic diseases and put specific periods of time for the period of that presumptive period. What this regulation does is to take off that. There is no limit. Well, I mean, 1112 is a little bit different, though, because at least in Part A it talks about serving during a period of war. Part C talks about being exposed to radiation. In addition, this is where I think that we hinge, is those also presume some kind of in-service injury that is now causing the connected disease. This regulation doesn't speak to any event that might have caused ALS. I'm sorry, to the contrary, Your Honor. The diseases are all diseases that occur post-service and relate back to service by the nature of that presumption. This presumption, by regulation, merely mirrors that statutory presumption. In none of those conditions do you have evidence of that chronic disease while on active duty. No, but you have evidence of a specific, at least in the radiation example, you have evidence of a specific event that statistically could have caused it. I mean, they're tying it. The statute provides both the in-service injury and a presumption to a current connection. And I don't see where in this regulation it provides the in-service injury as well. But radiation is actually covered under a different portion of that statute. But the chronic disease portion, for instance, psychosis or arthritis, are conditions that simply did not develop during the period of active duty service. But if they develop post-service within the time periods provided for by Congress, then that condition is presumptively service-connected. The other thing that the statute does that the regulation doesn't do is it requires a level of disability. I believe it's manifested to a degree of 10 percent or more. This regulation has no such prerequisite. If you have the manifestations of ALS, if it develops at any time post-service to whatever degree, you're entitled from that point of manifestation to compensation. Sorry, go ahead. I guess I want to come back to what I think was probably the very first question Judge Hughes asked you, which is still what's resonating very clearly in my mind. It is that Congress defined by statute who qualified as a veteran. It seems clear to me that Mr. Bowers doesn't meet that definition because he was not on active duty and nor was he injured or disabled during a period of active duty for training. In order for me to go with you, I have to believe that the Secretary somehow had the authority through regulation to extend benefits to someone that didn't qualify by statute as a veteran. In this case, we have the very governmental agency that enacts the regulations telling us that's not what its regulation means. It seems reasonable. Why wouldn't I give deference to that interpretation? Because in this case, we have a discharge from active duty service. There were six months of active duty service. He received a DD-214, which acknowledged his total period of active service. So you say he qualifies under 24A, active duty? I thought I understood you to say he qualifies under 24B, active duty for training. In response to the question of whether he did, I said I believe he does under B, but I believe he also does under A. Because in this case, he has a discharge summary, or excuse me, a discharge paper. That's what they give you when you have had an extended period of active duty service. This was not just being called up for active duty for training. They put him on active duty for six months, 18 days, and then gave him a DD-214. I'm confused about the facts. He was on active duty, not active duty for training? I thought I understood Mr. Bowers' six months to be devoted to active duty for training. Honestly, Your Honor, I do not have any idea what the nature of what he did was other than what his DD-214 said. Well, DD-214s, I've never seen one that says active duty for training. Nor have I, Your Honor. So clearly the fact that, but that would render B entirely superfluous. If I was going to accept your interpretation of the statute, then anyone who is on active duty for training is also on active duty, and there would be no reason to include B in the statute. I don't generally look at statutes that way. I know, Your Honor. There are several types of active duty obligations. You are subject to call to active duty service, and that active duty service can be extended beyond your normal two-week training during the summer. And in this case, his was extended for a period of six months. But if it's still training, it's still training, even if it's extended, right? It doesn't somehow convert it to active duty. Well, I disagree, Your Honor, because the definition is that there is a release or discharge from service. In the definition, there is a discharge from service in this case. I don't understand that. The fact of this case, as I understood it, was he was on active duty training for an extended period of time because he completed his basic training and then was sent to an additional advanced training. He was called up for advanced training. It was all training, though. I'm sorry. I don't know. I did not record that. Well, let's assume that's correct, because I think that's the right reading of the record. If it's all active duty for training, even if it's more than 90 days, it doesn't convert it to active duty under 24A, does it? It's still active duty for training under 24B. I believe it does, Your Honor, because what the statute refers to is release or discharge from service. Which statute are you talking about? I believe it's in 101 in the definition. But I'm sorry, I don't remember which statute in particular, but in B. Well, under 101-2, the term veteran means a person who served in active military, naval, or air service and who was discharged or released therefrom. And, Mr. Cummings, it doesn't help you. I mean, I found the statute that I think you might be referring to, but it doesn't help you because they have to have met both criteria, have been discharged, others indishonorably, and have served in active military or naval air service. That's correct, Your Honor. But 2 doesn't convert active duty training into active duty. That just references military, naval, or air service, and then we look at 24 for that. There's nothing in 24 that suggests serving more than two weeks is going to convert you to active duty under A. You still look to 24B. Except in this regulation, Your Honor, what is required for entitlement to the benefit of this presumption. The regulation can't change the statutory definition of active duty, can it? Sorry. You don't have to answer that. No, Your Honor. Well, I think that's critical to this case because the question here becomes whether or not, on its face, this regulation as authored by the Secretary does or does not provide the benefit contemplated. And the benefit contemplated is for any person who served on active duty and was discharged for more than 90 days is entitled to the benefit of this regulation. The question then to be resolved is, is that somehow in excess of the Secretary's authority? And the only way that it becomes in excess of the Secretary's authority is if you read the definitional section as being exclusionary to the right to compensation, and I do not believe that it is. Thank you very much, Your Honor. Thank you, Mr. Carpenter. That concludes our morning. All rise. The Honorable Court is adjourned from day to day.